UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TD BANK, N.A.,<br>*Plaintiff,*<br><br>v.<br><br>MICHAEL C. CULVER,<br>*Defendant.* | 17-cv-1376 (KAD)<br><br><br><br><br><br>June 24, 2019 |

**MEMORANDUM OF DECISION RE:**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 41)**

Kari A. Dooley, United States District Judge

**Statement of the Case**

This action arises out of the Defendant's purported default on two promissory notes issued by the Plaintiff. The Plaintiff moved for summary judgment on October 26, 2018 as to not only its claims but also as to the Defendant's affirmative defense and counterclaim. (ECF No. 41.) The Defendant, proceeding *pro se*, filed an affidavit in opposition to summary judgment on November 26, 2018. (ECF No. 56.) However, at oral argument on June 13, 2019, the Defendant conceded that he owed the Plaintiff monies under the two Promissory Notes and that he was in default, as well. The Defendant challenged, however, the amount which Plaintiff claims to be due and owing. The Defendant consented to the entry of summary judgment as to liability but reserved the right to contest the amount of the debt at a hearing on damages.[1] Accordingly, the Motion for Summary Judgment is **GRANTED** as to liability only.

---

[1] At oral argument, the Defendant did not assert either his special defense of "unclean hands" or his negligence counterclaim as a basis upon which to invalidate or offset the debt. Rather, he expressed frustration because he has not received records from which he can reconcile the amount of the debt and accordingly confirm (or not) the amounts claimed by the Plaintiff.

**Standard of Review**

The Plaintiff is entitled to summary judgment if it demonstrates that "there is no genuine dispute as to any material fact and that [it is] entitled to judgment as a matter of law." *Celotex Corp. v. Catretti*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At summary judgment, the movant bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323; *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004). Once a movant has met this burden, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

**Facts**

The following facts are either undisputed or expressly admitted. On February 9, 2007, the Defendant, as borrower, promised to pay the Plaintiff, as lender, the principal sum of $508,917.54, payable with interest. The loan had an original maturity date of December 29, 2008 which was subsequently extended to December 31, 2014. This agreement is set forth in a Promissory Note (Note 1). Through an amended and restated promissory note (Note 2), dated July 27, 2012, the Defendant promised to pay the Plaintiff the principal sum of $781,959.18, with interest. Note 2 had a maturity date of December 31, 2014. The Defendant made his last payment to the Plaintiff on February 24, 2016 even though there remained an outstanding balance on the notes. On August 1, 2017, the Plaintiff, through its counsel, issued a Notice of Default and Demand for Payment to the Defendant regarding Notes 1 and 2.

**Discussion**

The Plaintiff brings a two-count complaint sounding in breach of contract. Count One pertains to Note 1 and Count Two pertains to Note 2. "As a promissory note 'is nothing more than a written contract for the payment of money,' contract law must govern." *McKeever v. Kiore*, 78 Conn. App. 783, 793 (2003) (quoting *Appliances, Inc. v. Yost*, 181 Conn. 207, 210 (1980)). To prove a breach of contract claim under Connecticut law, the Plaintiff must establish: "(1) the existence of a contract or agreement; (2) the defendant's breach of the contract or agreement; and (3) damages resulting from the breach." *Chem-Tek, Inc. v. General Motors Corp.*, 816 F. Supp. 123, 131 (D. Conn. 1993) (citing *O'Hara v. State*, 218 Conn. 628 (1991)). Here, there is no dispute that Note 1 and Note 2 are valid contracts. Nor is there a dispute that the Defendant breached these agreements when he failed to make payments due and owing thereunder. Accordingly, the Plaintiff is entitled to a judgment against the Defendant as to Counts One and Two and the motion for summary judgment is GRANTED as to liability.

**Conclusion**

The Motion for Summary Judgment (ECF No. 41) is **GRANTED**, but as to liability only. The Defendant retains the right to challenge the Plaintiff's proof as to the amount of the judgment sought and to present evidence regarding the same. A hearing to determine the Plaintiff's damages (the amount of the judgment) shall be held on August 22, 2019 at 10:30 a.m. A separate calendar shall issue.

**SO ORDERED** at Bridgeport, Connecticut, this 24th day of June 2019.

*/s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE